## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA *Ex rel.*
Crystal McKinsey,

      Relator,

v.

LAB ELITE, LLC, *et al.*,

      Defendants.

No. 21-cv-20528


**OPINION**


**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendants Nikola Nozinic and Lab Elite, LLC's ("Lab Elite")[1] Motion to Transfer (the "Motion"), ECF No. 49, which the Court decides without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **GRANTED**.

### I.    BACKGROUND

The Court, assuming the parties' familiarity with this case,[2] recites only what is necessary to decide the Motion. The following is accepted as true for this limited purpose:

Relator's Amended *qui tam* Complaint (the "Amended Complaint" or "AC") alleges that Moving Defendants participated in a sprawling, yearslong conspiracy to submit false claims seeking reimbursement from a Government program (the "Uninsured Program") offering payment to medical providers during the Covid-19 pandemic. The three types of false claims were: (1) claims for medical services that were provided in exchange for illegal kickbacks; (2) claims for medical services that were billed for but never actually rendered; and (3) claims for medical services provided to patients who were ineligible to participate in the Uninsured Program. AC ¶¶ 1-6, ECF No. 33. Lab Elite would perform—or in some cases, fail to perform—Covid tests and submit claims to the Uninsured Program, resulting in its collecting over $83 million in reimbursements. *Id.* ¶¶ 1, 44. Upon submission of these claims, Lab Elite would attest it complied with all of the Uninsured Program's terms and conditions. *Id.* ¶¶ 7, 36-38. Lab Elite would then distribute these reimbursements as kickbacks to other participants in the scheme. *Id.* ¶ 61.

---

[1] This Opinion uses the shorthand "Defendants" to refer collectively to each individual and entity Defendant. "Moving Defendants" refers solely to Nozinic and Lab Elite.

[2] A more detailed account can be found in the Court's earlier opinion. ECF No. 44; *United States ex rel. McKinsey v. Lab Elite, LLC*, No. 21-cv-20528, 2026 WL 1091227, at *1 (D.N.J. Apr. 22, 2026).

Nozinic, along with Defendant Zishan Alvi, owned and controlled Lab Elite. *Id.* ¶ 69. In this role, Nozinic authorized the submission of false or fraudulent claims to the Uninsured Program. *Id.* As a result, Nozinic received "millions of dollars from Lab Elite that he knows are proceeds of [the submitted] false claims." *Id.* ¶ 71. Alvi, for his part, pleaded guilty to one count of wire fraud for conduct at issue here, *id.* ¶ 12; *United States v. Alvi*, No. 23-cr-142, ECF No. 64 (N.D. Ill. Sept. 30, 2024), and was sentenced to 84 months' imprisonment. *United States v. Alvi*, No. 23-cr-142, ECF No. 92 (N.D. Ill. June 25, 2025).

## II.    LEGAL STANDARD[3]

28 U.S.C. § 1404(a), applicable if both the original and requested venue are proper,[4] grants courts discretion to transfer a civil action to "any other district . . . where it might have been brought." In this Circuit, courts generally consider the private and public interest factors under *Jumara* to decide whether to grant transfer, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, (3d Cir. 1995), although this analysis is "flexible and must be made on the unique facts of each case." *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 322 (D.N.J. 1998) (citation modified).

> *Jumara*'s six private interest factors are:

> [a] plaintiff's forum preference as manifested in the original choice; [b] the defendant's preference; [c] whether the claim arose elsewhere; [d] the convenience of the parties as indicated by their relative physical and financial condition; [e] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [f] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Eagle View Techs., Inc. v. GAF Materials, LLC*, 594 F. Supp. 3d 613, 619 (D.N.J. 2022) (citing *Jumara*, 55 F.3d at 879). *Jumara*'s six public interest factors are:

> [a] the enforceability of the judgment; [b] practical considerations that could make the trial easy, expeditious, or inexpensive; [c] the relative administrative difficulty in the two fora resulting from court congestion; [d] the local interest in deciding local controversies at home; [e] the public policies of the fora; and [f] the familiarity of the trial judge with the applicable state law in diversity cases.

---

[3] Moving Defendants, as an alternative to transfer, seek dismissal of the complaint. *See generally* Defs.' Br., ECF No. 49-1. Because the Court decides the Motion only insofar as it seeks transfer of venue, it does not recite the standards for dismissal.

[4] The Court assumes without deciding that venue is proper in this District. *See Beychok v. Baffert*, 717 F. Supp. 3d 392, 401, 414 (D.N.J. 2024).

*Id.* It is the movant's burden to establish that the balance of these factors weighs in favor of transfer. *In re City MD Data Privacy Litig.*, No. 24-cv-6972, 2025 WL 2505655, at *3 (D.N.J. Sept. 2, 2025).

## III. DISCUSSION

Relator does not dispute that this action could have been brought in the Northern District of Illinois. Accordingly, the Court's analysis turns on the *Jumara* factors. *See Parlodel*, 22 F. Supp. 2d at 323.

### 1. Private Interest Factors

#### a. Parties' Preferences

Generally, a plaintiff's choice of forum "should be lightly disturbed," *Jumara*, 55 F.3d at 879, but if one chooses to file suit outside her home forum, their choice is not entitled to this same level of deference. *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 440 (D.N.J. 2015). Because Relator, a Michigan resident, laid venue outside of her home state, this factor is at minimum neutral. *See id.*; AC ¶ 33. Moving Defendants' forum preference also weighs in favor of transfer, as it always does. *Werner v. Hive Media Grp., LLC*, No. 20-cv-1176, 2021 WL 3662902, at *3 (D. De. Aug. 18, 2021).

#### b. Where the Claim Arose

This factor turns on which forum contains the "center of gravity of the dispute, its events, and transactions." *Beychok*, 717 F. Supp. 3d at 407 (citation modified). The Court concludes that this action's center of gravity is in Illinois: Lab Elite processed the tests and submitted the corresponding claims there. AC ¶¶ 44, 68. While the Amended Complaint indicates that Defendants targeted Union Beverage Packers, LLC, a New Jersey business, this alone does not support a finding that this action's center of gravity was in New Jersey, as Defendants also targeted prospective clients elsewhere. *See id.* ¶¶ 14, 26, 48, 50,52.

#### c. Convenience of the Parties and Witnesses

Because it is undisputed that all parties reside in either Illinois, Indiana, or Michigan, Defs.' Br. 8, the Court decides that it would be more convenient for the parties to litigate this case in the Northern District of Illinois. This factor, too, weighs in favor of transfer. As for the convenience of the witnesses, Relator identifies eight New Jersey residents who may testify. *See* AC ¶¶ 52-23; Rel.'s Opp'n 12, ECF No. 51. Still, she does not dispute that most potential witnesses reside in Illinois. Thus, the Court finds that this factor militates towards transfer.

#### d. Location of Books and Records

"The location of books and records is only material to the extent that the files could not be produced in the alternative forum." *Ferratex*, 121 F. Supp. 3d at 442 (citation modified). Courts often deemphasize on this factor in the digital age. *See id.* This Court, following suit, deems this factor to be neutral.

## 2. Public Interest Factors[5]

### a. Enforceability of the Judgment

Courts have judged this factor to be neutral if either District can render an enforceable judgment. *See, e.g., Eagle View*, 594 F. Supp. 3d at 623. Moving Defendants advocate for this factor's neutrality. Defs.' Br. 21. Relator offers no opposition. Absent any indication that the Northern District of Illinois cannot enforce a judgment against Defendants, the Court determines that this factor is neutral as well.

### b. Practical Considerations

This element considers whether transfer "could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Moving Defendants argue that a trial would be better held in the Northern District of Illinois because it is "where the majority of the parties, witnesses, and evidence are located." Defs.' Br. 22. Relator's only rebuttal is that it will be inconvenient for eight potential witnesses residing in New Jersey to travel to Illinois for trial. Rel.'s Opp'n 5. This argument is unpersuasive for the reasons stated above. *See supra* Section III.1.c. Thus, the Court agrees that this factor weighs in favor of transfer.

### c. Administrative Difficulties

The parties do not address any disparity in judicial backlogs between the two fora. *See* Defs.' Br. 21 (arguing that this factor is neutral); *see* Rel.'s Opp'n 5 (omitting any analysis of this factor). As a result, the Court concludes that this factor is neutral. *See Parlodel*, 22 F. Supp. 2d at 326.

### d. Local Interests and Public Policies

Claims presenting "local controversies" or otherwise "implicat[ing] the public policies of any one forum" should be brought in the forum to which they have "significant connections." *Eagle View*, 594 F. Supp. 3d at 625. Moving Defendants argue that the Northern District of Illinois' prosecution of Alvi is evidence of this dispute's ties to Illinois. Defs.' Br. 22. They cite to the Chicago media's press coverage of Alvi's prosecution to support this point. *Id.* at 22-23. In response, Relator touts New Jersey's interest in ensuring the propriety of laboratory testing on its residents. Rel.'s Opp'n 5. While New Jersey may have such an interest, so does every other state whose residents were targeted by the scheme. Thus, the Court agrees with Moving Defendants that the Amended Complaint presents a dispute that is more closely tied to Illinois than New Jersey.

---

[5] Because the AC advances only federal claims, the Court does not consider familiarity with state law in its *Jumara* analysis. *See Santomenno v. Transamerica Life Ins. Co.*, No. 11-cv-736, 2012 WL 1113615, at *10 (D.N.J. Mar. 30, 2012)

4

## IV.    CONCLUSION

Moving Defendants have met their burden of demonstrating that the *Jumara* framework favors transfer. The Motion is therefore **GRANTED**. The Court hereby transfers this matter to the Northern District of Illinois. An appropriate order follows.

Date: June 23, 2026

WILLIAM J. MARTINI, U.S.D.J.

5